UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIZHENG WANG, for the WANG GROUP,

    Plaintiff,

    v.

BRUCE HULL, an individual,

    Defendant,

    v.

DECATHLON ALPHA III, L.P.,

    Intervenor Defendant.

Case No. C18-1220RSL

ORDER GRANTING MOTION TO DISMISS COUNT II OF ZHIZHENG WANG'S CROSSCLAIMS

    This matter comes before the Court on Intervenor Plaintiff Decathlon Alpha III, L.P.'s ("Decathlon") motion to dismiss Count II of Plaintiff Zhizheng Wang's ("Wang") Crossclaims. Dkt. # 54. Wang and Decathlon are each lenders to G.A.E.M.S., Inc. ("GAEMS"). *Id.* Although Wang's loan predated Decathlon's chronologically, Decathlon's loan was contingent on the subordination of Wang's loan. Dkt. #1-1. Wang alleges that Decathlon will violate the implied covenant of good faith and fair dealing by postponing the Maturity Date of its loan to GAEMS, which will have the effect of

ORDER GRANTING MOTION
TO DISMISS - 1

delaying Wang's recovery from GAEMS. Dkt. #50 at 13; Dkt. #56 at ¶¶ 3-5, 7. Wang asks this Court to enjoin Decathlon from postponing the loan's maturity date and to award Wang damages for Decathlon's alleged violations. Dkt. #50 at ¶¶ 4-43, p. 14. Decathlon seeks dismissal of this claim, arguing that Wang has not identified a contractual provision to which the duty of good faith applies and has therefore failed to state a claim upon which relief may be granted. Dkt. #54.

## LEGAL STANDARD

The question for the Court on a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) is whether the facts alleged in the complaint and supporting documents sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). The Court, however, need not accept as true factual allegations that contradict exhibits or constitute unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Dismissal is appropriate where the complaint fails to state a cognizable legal theory or fails to provide facts sufficient to support a claim. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir 2010).

Having reviewed the memoranda, declaration, and exhibits submitted by the

ORDER GRANTING MOTION
TO DISMISS - 2

parties[1] as well as Wang's crossclaims and the various contracts, the Court GRANTS Decathlon's Motion to Dismiss Count II of Wang's Crossclaims.

## DISCUSSION

**A. The Court will not consider some of the materials referenced in Wang's response to Decathlon's motion to dismiss.**

In opposing Decathlon's motion, Wang submitted materials outside the pleadings, to which Decathlon objects. Dkt. #59 at 3-4. As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule (12)(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). The Court, however, may consider materials attached to the complaint as well as "unattached evidence on which the complaint 'necessarily relies.'" *Id.* The Court will only consider unattached evidence that meet the following conditions: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party disputes the authenticity of the document. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The Court may also consider matters of public record so long as they are not reasonably subject to dispute. *Gemtel Corp. v. Cmty. Redevelopment Agency of City of Los Angeles*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994).

Wang cites several sources that are outside the pleadings and do not meet any of the above exceptions, including deposition transcripts and correspondence with GAEMS executives. Dkt. #56 at 3, 4. None of these materials was attached to Wang's crossclaims against Decathlon, nor do they form the basis for the crossclaims. *See* Dkt. #50;

---

[1] Decathlon's evidentiary objections are considered below.

*Corinthian Colleges*, 655 F.3d at 999. The Court therefore will not consider information from the Mercier email correspondence, the Griffith declaration, or the Borchers deposition.

Decathlon also disputes Wang's reliance on a publicly posted GAEMS stock price. Dkt. # 59 at 3. This stock price is a matter of public record and is therefore properly before the Court on a motion to dismiss. *Gemtel Corp.,* 655 F.3d at 1544 n. 1.

**B. Washington law requires only that parties perform their contractual obligations in good faith.**

To succeed on a breach of contract claim, the plaintiff must demonstrate duty, breach, causation, and damages. *BP West Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1121 (W.D. Wash. 2013). Washington law recognizes an implied covenant of good faith and fair dealing in every contract which requires the parties to "perform in good faith the obligations imposed by their agreement." *Badgett v. Security State Bank*, 116 Wn.2d 563, 570 (1991); *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178 (2004) (there must be a contractual duty in order for the implied duty of good faith to attach). However, "there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Keystone Land & Dev. Co*, 152 Wn.2d at 178. The Court cannot read additional duties into an agreement under the guise of enforcing a covenant of good faith. *Building 11 Investors LLC v. City of Seattle*, 912 F. Supp. 2d 972, 978-79 (W.D. Wash. 2012). Although "good faith applies when the contract gives one party discretionary authority to determine a contract term," the duty "does not apply to *contradict* contract terms." *Goodyear Tire &*

ORDER GRANTING MOTION
TO DISMISS - 4

*Rubber Co. v. Whiteman Tire, Inc.,* 86 Wn. App 732, 738 (1997) (emphasis in original).

Wang's claim that Decathlon breached the duty of good faith and fair dealing can survive Decathlon's Motion to Dismiss if Wang has plausibly alleged the following: that Decathlon owed him a duty of good faith to perform an obligation articulated in their contract; that Decathlon failed to honor it; and, in so failing, Decathlon deprived Wang of the benefit of the parties' agreement.

Wang and Decathlon are parties to a Subordination and Intercreditor Agreement ("Subordination Agreement") which designates Decathlon as the Senior Lender to GAEMS and Wang as the Subordinated Lender. *See* Dkt. # 1-1 at 51-55. The Subordination Agreement does not contain a specific termination date. Rather, the agreement terminates when GAEMS repays Decathlon in full and/or the parties agree to terminate the Subordination Agreement. *Id*. at 55. The terms of Decathlon's loan to GAEMS are governed by the Revenue Loan and Security Agreement ("Loan Agreement"), to which Wang is not a party. *See id*. at 7-44. The Loan Agreement grants Decathlon significant discretion to determine when to demand payment from GAEMS. *Id.* at 9 ("The Outstanding Advance Balance and accrued but unpaid Interest shall be immediately due and payable on demand on or any time following the Maturity Date."). Wang acknowledges that he is not identified as a party to the Loan Agreement, but argues that references to its terms in the Subordination Agreement make him a party to the Loan Agreement. Dkt. # 56 at 6-7, 13. Wang does not offer any legal authority to support this assertion. *See id.*

Any duty of good faith and fair dealing arising from the Loan Agreement applies

ORDER GRANTING MOTION
TO DISMISS - 5

only between Decathlon and GAEMS. Because Wang is not a party to that contract (and has not shown that he is a third-party beneficiary entitled to enforce its terms), Decathlon does not owe Wang any duty with respect to its performance of the terms of the Loan Agreement. Wang does not make a plausible argument that his incidental interest in the termination of the Loan Agreement makes him a party to that Agreement or imposes a duty thereunder for the benefit of Wang. Even if Wang were a party to the Loan Agreement, Wang's alleged harm only arises from Decathlon's exercise of its rights under that contract and "there cannot be a breach of the duty of good faith when a party simply stands on its rights to require performance of a contract according to its terms." *Keystone Land & Dev. Co.*, 152 Wn.2d at 178.

Wang also argues that the provision of the Subordination Agreement describing its termination impose a duty of good faith on Decathlon to demand payment on its loan to Decathlon quickly. Dkt. #56 at 6. Wang does not identify a provision in the Subordination Agreement that imposes a duty on Decathlon to collect payments from GAEMS at a particular time, however. The Subordination Agreement provides that it "shall terminate . . . upon the earlier of: (a) the indefeasible repayment in full of the Senior Debt and termination of the senior Credit Agreement and/or (b) written agreement by the Creditors to terminate this Agreement." Dkt. #1-1 at 55. The provision regarding repayment does not impose a duty on Decathlon: it simply states the circumstances under which the agreement will terminate. The Court cannot read a duty obliging Decathlon to demand payments from GAEMS on a schedule dictated by or for the benefit of Wang. Such a reading would not only add a new term to the contract, but would contradict the purpose

ORDER GRANTING MOTION
TO DISMISS - 6

of the parties' Subordination Agreement, which is to prioritize Decathlon's Senior Creditor rights over Wang's. *Cf Goodyear Tire & Rubber co.,* 86 Wn. App at 738.

## CONCLUSION

Wang has not identified a duty Decathlon owed him and has therefore failed to state a claim on which relief could be granted. Decathlon's motion to dismiss Count II of Wang's crossclaims is therefore GRANTED.

Dated this 8th day of November, 2019.

Robert S. Lasnik
United States District Judge