HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZHIZHENG WANG, for the WANG LENDER GROUP,<br><br>           Plaintiff,<br>v.<br><br>BRUCE HULL, an individual,<br>           Defendant.<br><br>DECATHLON ALPHA III, L.P.,<br>           Intervenor Plaintiff<br>v.<br><br>ZHIZHENG WANG, for the WANG LENDER GROUP<br><br>           Intervenor Defendant | CASE NO: 2:18-cv-01220 RSL<br><br>STIPULATED PROTECTIVE ORDER |

## 1.   PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

STIPULATED PROTECTIVE ORDER – 1
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206.695.5100
Facsimile: 206.689.2822

1   confidential treatment under the applicable legal principles, and it does not presumptively entitle

2   parties to file confidential information under seal.

3   **2.    "CONFIDENTIAL" MATERIAL**

4       "Confidential" material shall include the following documents and tangible things

5   produced or otherwise exchanged:

6       2.1   Any and all financial information, banking information, tax returns and/or

7   information contained therein, profit and loss statements or any other financial information

8   which is not already in the public domain.

9       2.2   Any and all personal information including, but not limited to individual's

10  addresses, phone numbers, e-mail addresses or other contact information, payroll information,

11  rate of pay, disciplinary history; work history, family information, financial information which

12  is not already in the public domain, social security numbers, or dates of birth, or any other private

13  information which may be obtained through discovery.   Unredacted e-mails shall not be

14  considered confidential as a whole merely because of the presence of e-mail addresses indicated

15  on them.

16      2.3   All communications specifically identified by a party-in-interest as potential

17  attorney-client privileged communications.

18      2.4   All communications specifically identified as potentially embarrassing to a party.

19  **3.    SCOPE**

20      The protections conferred by this agreement cover not only confidential material (as

21  defined above), but also (1) any information copied or extracted from confidential material;

22  (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED PROTECTIVE ORDER – 2
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or designated in writing, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the receiving party himself, and his direct agents and representatives, and when the receiving party is a corporate entity, that entity's officers, directors, and employees (including in house counsel) to whom disclosure is reasonably necessary for this litigation.

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

STIPULATED PROTECTIVE ORDER – 3
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1   instructs the service not to disclose any confidential material to third parties and to immediately

2   return all originals and copies of any confidential material;

3       (f)    during their depositions, witnesses in the action to whom disclosure is

4   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

6   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

7   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

8   under this agreement;

9       (g)    the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information, except as otherwise

11  ordered by the Court.

12      4.3   <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

13  referencing such material in court filings, the filing party shall confer with the party benefiting

14  from the designation to determine whether the confidential designation can voluntarily be

15  removed, whether the document can be redacted, or whether a motion to seal or stipulation and

16  proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be

17  followed and the standards that will be applied when a party seeks permission from the court to

18  file material under seal.  A party who seeks to maintain the confidentiality of its information

19  must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the

20  motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied,

21  in accordance with the strong presumption of public access to the Court's files.

22  **5.**    **<u>DESIGNATING PROTECTED MATERIAL</u>**

23      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party

24  or non-party that designates information or items for protection under this agreement must take

25  care to limit any such designation to specific material that qualifies under the appropriate

26  standards.  The designating party must designate for protection only those parts of material,

STIPULATED PROTECTIVE ORDER – 4
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to an affected party's attention that information or items that it designated for protection do not qualify for protection, the affected party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any affected party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

STIPULATED PROTECTIVE ORDER – 5
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

transcript, or exhibits thereto, as confidential.  If an affected party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

        (c)   <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

     5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure by an affected party to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

     6.1   <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2   <u>Meet and Confer</u>.  The parties and non-parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER – 6
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

2    intervention, the affected party may file and serve a motion to retain confidentiality under Local

3    Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

4    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

5    made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

6    other parties) may expose the challenging party to sanctions. All parties shall continue to

7    maintain the material in question as confidential until the court rules on the challenge.

8    **7.**    **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

9

10        If a party is served with a subpoena or a court order issued in other litigation that compels

11    disclosure of any information or items designated in this action as "CONFIDENTIAL," that

12    party must:

13            (a)    promptly notify the designating party in writing and include a copy of the

14    subpoena or court order;

15            (b)    promptly notify in writing the party who caused the subpoena or order to

16    issue in the other litigation that some or all of the material covered by the subpoena or order is

17    subject to this agreement. Such notification shall include a copy of this agreement; and

18            (c)    cooperate with respect to all reasonable procedures sought to be pursued

19    by the affected party whose confidential material may be affected.

20    **8.**    **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

21        If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

22    material to any person or in any circumstance not authorized under this agreement, the receiving

23    party must immediately (a) notify in writing the designating party of the unauthorized

24    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

25    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

26

STIPULATED PROTECTIVE ORDER – 7
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206.695.5100
Facsimile: 206.689.2822

1   of this agreement, and (d) request that such person or persons execute the "Acknowledgment

2   and Agreement to Be Bound" that is attached hereto as Exhibit A.

3   9.   **INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE**
    **PROTECTED MATERIAL**

4

5        When a producing party gives notice to receiving parties that certain inadvertently

6   produced material is subject to a claim of privilege or other protection, the obligations of the

7   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

8   provision is not intended to modify whatever procedure may be established in an e-discovery

9   order or agreement that provides for production without prior privilege review. The parties

10  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11  **10.   NON TERMINATION AND RETURN OF DOCUMENTS**

12       Within 60 days after the termination of this action, including all appeals, each receiving

13  party must return all confidential material to the producing party, including all copies, extracts

14  and summaries thereof.   Alternatively, the parties may agree upon appropriate methods of

15  destruction.

16       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

17  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

18  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

19  work product, even if such materials contain confidential material.

20       The confidentiality obligations imposed by this agreement shall remain in effect until a

21  designating party agrees otherwise in writing or a court orders otherwise.

22            IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24

25

26

STIPULATED PROTECTIVE ORDER – 8
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1    DATED: December 6, 2019.       SALISH SEA LEGAL PLLC

2                     By:  */s/ Benjamin A. Ellison – permission to*

3                          *sign given via email*
                            Benjamin A. Ellison, WSBA # 48315

4                            2212 Queen Anne Ave. North
                            Seattle, Washington  98109

5                            Email:    bcnaellison@gmail.com

6                 **Attorneys for Plaintiffs**

7

8    DATED: December 6, 2019       GORDON REES SCULLY MANSUKHANI, LLP

9                     By:  */s/ Derek A. Bishop*
                            Sarah Turner, WSBA #37748

10                        Derek A. Bishop, WSBA #39363
                        701 5th Avenue, Suite 2100

11                        Seattle, Washington  98104
                        Email:   sturner@grsm.com

12                                dbishop@grsm.com

13                **Attorneys for Defendant Bruce Hull**

14

15    DATED: December 6, 2019       SCHWABE, WILLIAMSON & WYATT, P.C.

16                     By:  */s/ Jennifer Campbell – permission to sign*

17                          *given via email*
                          Jennifer Campbell, WSBA #31703

18                        Farron Curry, WSBA #40559
                        701 5th Avenue, Suite 2100

19                        Seattle, Washington  98104
                        Email:   jcampbell@schwabe.com

20                                  fcurry@schwabe.com

21                **Attorneys for Intervenor Decathlon Alpha III, L.P.**

22

23

24

25

26

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1   DATED: December 6, 2019.

2

   FREDRIKSON & BYRON, P.A.

By:  */s/ Kevin C. Riach – permission to sign
given via email*
     Kevin C. Riach
     200 South Sixth Street, Suite 4000
     Minneapolis, Minnesota  55402
     Email:  kriach@fredlaw.com

**Pro Hac Vice Attorney for Intervenor
Decathlon Alpha III, L.P.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 10
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED**

2      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

3  any documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7      DATED this __12th__ day of December, 2019.

8

9

10                U.S. District Judge Robert S. Lasnik

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 11
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty

5    of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in

7    the case of _____ **[insert formal name of the case and the number and initials**

8    **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9    Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10   expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11   not disclose in any manner any information or item that is subject to this Stipulated Protective

12   Order to any person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated

15   Protective Order, even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER – 12
Civil Action No. 2:18-cv-01220-RSL

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: 206.695.5100
Facsimile:  206.689.2822