UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIZHENG WANG,

        Plaintiff,

   v.

BRUCE HULL,

        Defendant.
_____

DECATHLON ALPHA III, L.P.,

        Intervenor Plaintiff,

   v.

ZHIZHENG WANG.

        Intervenor Defendant.

NO. C18-1220RSL

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on plaintiff Zhizheng Wang's "Motion for Partial Summary Judgment Against Bruce Hull," Dkt. # 33, and defendant Bruce Hull's "Motion to Strike Plaintiff's Declarations," Dkt. # 89. Wang seeks a summary determination that Hull lacked authority to sign a subordination agreement on behalf of an informal group of individuals known as "the Wang Group." Hull and/or intervenor Decathlon Alpha III, L.P., challenge

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 1

Wang's standing to pursue claims in the name of "the Wang Group," argue that there are disputed issues of fact regarding Hull's authority to act, and object to consideration of any evidence obtained from, or declarations signed in, the People's Republic of China.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am.*

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 2

*Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, including the supplemental submissions filed after additional discovery was taken, and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

**A. Authority to Sign**

There is a triable issue of fact regarding Hull's authority to sign the subordination agreement. Qiqi "Denny" Wang was the acknowledged agent of "the Wang Group" when he told Hull to append his signature to any documents that were necessary to close the Decathlon loan. Dkt. # 33-2 at 9 (June 12, 2017, email from Denny[1] to Hull stating, "If there is anything that is important and needs to be signed to close the Decathlon loan, please sign that for me."). The actions of an acknowledged agent are imputed to the principal. *Blake Sand & Gravel, Inc. v. Saxon*, 98 Wn. App. 218, 223 (1999) ("When an agent has actual authority to act on behalf of the principal, the agent's exercise of the authority binds the principal."). Because there is no dispute regarding Denny's authority to act on behalf of "the Wang Group," Wang's argument that the authorization Hull received was ineffective because it did not come directly from one or all of the individuals who made up "the Wang Group" is rejected.

With regards to the scope of the authorization Denny granted to Hull, there is at least an issue of fact whether it included permission to sign for Denny on behalf of "the Wang Group." There is evidence that Denny was aware that Decathlon would not close the loan unless "the Wang Group" subordinated its security position, that he had discussed this requirement with

---

[1] Qiqi "Denny" Wang is the son of plaintiff Zhizheng Wang. In order to avoid confusion, plaintiff is referred to as "Wang" and his son in referred to as "Denny."

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 3

Decathlon and Hull, that he had received copies of the subordination agreement prior to closing, that he wanted the loan to close so that his interests in the borrower would be protected, and that he expressed no surprise and raised no objection to Hull's use of his signature when he received a copy of the signed documents after closing. A reasonable fact finder could conclude that Denny authorized Hull to sign documents for him personally and on behalf of "the Wang Group" in order to close the Decathlon loan.

**B. Standing**

There is evidence in the record that the individuals who made up "the Wang Group" and the limited liability company they created to pursue their contractual claim in state court intended to transfer all rights in the cause of action to Zhizheng Wang, the named plaintiff in this matter. Hull argues that the timing of some of the transfers and/or the language used therein raise issues regarding their effectiveness, but plaintiff's showing regarding standing is sufficient to forestall entry of judgment in Hull's favor at this point in the litigation. This determination is without prejudice to a motion for summary judgment directed at the issue.

**C. Motion to Strike**[2]

In his supplemental response to Wang's motion for summary judgment, Hull raised objections to the submission of certain unspecified declarations because the declarants claimed that they were not subject to jurisdiction in the United States and were therefore attempting to avoid any penalty for perjury. Dkt. # 76 at 4. Three months after briefing on the motion for summary judgment closed, Hull filed a separate motion to strike evidence obtained from, and

---

[2] The Court has not reviewed Hull's pending motion to compel Wang's deposition (Dkt. # 87) and has confined its analysis and ruling to the motion to strike existing declarations, exhibits, and discovery responses.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 4

declarations signed in, the People's Republic of China on the ground that it is "improper" and "ineffective" for anyone other than the Chinese government to take evidence or issue oaths in China. Dkt. # 89 at 3. While the perjury objection was timely raised, the objection based on Chinese law is untimely and procedurally improper. Nevertheless, because of the importance of the declarations and evidence at issue, the Court has considered both objections on their merits.

      1. Evidence Collected in Violation of Chinese Law

Hull's objections based on violations of Chinese law conflate issues of foreign relations law and admissibility. The methods and scope of discovery in federal court are governed by the Federal Rules of Civil Procedure, and the admissibility of discovered evidence is governed by the Federal Rules of Evidence. Hull is essentially arguing that evidence that was created or collected according to the Federal Rules of Civil Procedure is nevertheless inadmissible under the Federal Rules of Evidence if its creation or collection violated foreign law. None of the case law cited supports such a proposition.

In some circumstances, the broad discovery authorized by the Federal Rules of Civil Procedure conflicts in a meaningful way with sovereign interests, in which case the Court may require the parties to use Hague Convention or other treaty procedures to acquire evidence. *See Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd.*, 2019 WL 6134958, at *1 (N.D. Cal. Nov. 19, 2019); *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1160 (D. Or. 2015)).[3] The obligation to do so is not mandatory, however. The Supreme Court has

---

[3] The Chinese law cited by Hull provides that "[t]he request for a provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China," which interprets as a reference to the Hague Evidence Convention. *See* Civil Procedure Law of the People's Republic of China, Article 277 (rev. 2017); *Melaleuca, Inc. v. Kot Nam Shan*, 2018 WL 1952523, at *7 (D. Idaho Apr. 24, 2018) (finding that "China has indicated

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 5

expressly rejected Hull's implicit argument that the Hague Convention automatically compels a U.S. court to "change its own evidence-gathering procedures" whenever evidence located abroad is needed for use in U.S. litigation. *Societe Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 534 (1987). The Court found that interpreting the Hague Convention as the exclusive means for obtaining evidence located abroad "would effectively subject every American court hearing a case involving a national of a contracting state to the internal laws of that state. Interrogatories and document requests are staples of international commercial litigation, no less than of other suits, yet a rule of exclusivity would subordinate the court's supervision of even the most routine of these pretrial proceedings to the actions or, equally, to the inactions of foreign judicial authorities." *Aérospatiale*, 482 U.S. at 539. While acknowledging that "the process of obtaining evidence in a civil-law jurisdiction is normally conducted by a judicial officer rather than by private attorneys," the Court declined to impose a duty on U.S. courts to employ such procedures, instead recognizing that "the concept of international comity requires in this context a more particularized analysis of the respective interests of the foreign nation and the requesting nation . . . . We therefore decline to hold as a blanket matter that comity requires resort to Hague Evidence Convention procedures without prior scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Aérospatiale*, 482 U.S. at 543-44 (footnotes omitted).

Thus, a district court's determination of whether to require a party seeking discovery to comply with the Hague Convention procedures involves a two-step inquiry. First, the resisting

---

that taking depositions, whether voluntary or compelled . . . may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention").

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 6

party must prove that Chinese law bars it from producing the discovery sought. *EFG Bank AG v. AXA Equitable Life Ins. Co.*, 2018 WL 1918627, at *1 (S.D.N.Y. Apr. 20, 2018). Hull has made that showing. He has not, however, addressed the second step of the inquiry, namely whether the particular facts of this case, including the sovereign interests at stake, warrant requiring the application of the Hague Convention. *Sun Grp. U.S.A. Harmony City*, 2019 WL 6134958, at *1 (citing *Aérospatiale*, 482 U.S. at 544).

At issue in the motion to strike are discovery responses, declarations, and exhibits produced by Wang and his witnesses while in China. In this context, Wang has not attempted to use a Chinese law designed to protect its citizens from abusive or harassing litigation as a shield. Rather, Hull is attempting to use the law as a sword to strike down evidence Wang has, without objection, voluntarily produced. As the Supreme Court noted, "[s]ome discovery procedures are much more 'intrusive' than others. . . . [and t]he exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke." *Aérospatiale*, 482 U.S. at 545. Absent some showing that the evidence produced is only marginally relevant to the issues in this case, threatens the sovereign interests of China, and/or would likely be obtainable through the Hague Convention procedures, the Court declines to require resort to those procedures.[4]

---

[4] The district judge in *Ji v. Jling, Inc.*, 2019 WL 1441130, at *6 (E.D.N.Y. Mar. 31, 2019), identified another issue to be considered when determining the reasonableness of U.S. discovery procedures used abroad. Where the production of evidence or testimony places only the party seeking to use the American judicial system to enforce its rights in jeopardy under Chinese law, use of the federal discovery procedures without recourse to the Hague Convention may be reasonable. If, however, discovery will expose a non-consenting party to sanctions in the foreign jurisdiction, that factor will weigh in favor of invoking the more cumbersome Convention procedures.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 7

2. "Under Penalty of Perjury"

Hull has also challenged the admissibility of four declarations submitted by the individual members of "the Wang Group" as Exhibit 9 to attorney Ellison's supplemental declaration, Dkt. # 81-9. When a matter may be supported by a sworn declaration in writing, an individual may instead submit an unsworn statement that is signed as true under penalty of perjury pursuant to 28 U.S.C. § 1746. To be admissible, the statute requires that the declaration be made "substantially" in the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2). The purpose of this affirmation is to be certain "the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies." *U.S. v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004). *See also In re World Trade Center Disaster Litigation*, 722 F.3d 483, 488 (2nd Cir. 2013) (omission of statement that declaration was made under penalty of perjury fatal; "[i]nclusion of the language 'under penalty of perjury' is an integral requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements"); *Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1988) (purported affidavit omitting statement that it was made under penalty of perjury and that the contents were true and correct insufficient under section 1746; as drafted, the purported affidavit "allows the affiant to circumvent the penalties for perjury"); *Kersting v. U.S.*, 865 F.Supp. 669, 676 (D. Haw. 1994) (declaration is sufficient under section 1746 if it "contains the phrase 'under penalty of perjury' and states that the document is true"). The four declarations at issue contain the appropriate language acknowledging penalties for perjury, but they specifically assert that the

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 8

declarant does "not intend to submit to the personal jurisdiction of the Courts of the United States." *See, e.g.*, Dkt. #81-9 at 1. Hull argues, without citation to case law, that the declarations must be stricken.

Whether a person has subjected themselves to the jurisdiction of the Court is not for the declarant to decide. Where a witness voluntarily inserts him- or herself into a jurisdiction to provide testimony in a pending matter and makes false statements under penalty of perjury, minimum contacts sufficient to hale the witness into Court to face penalties for those false statements likely exist. The Court therefore finds that the declarations of the four individual members of "the Wang Group" are not inadmissible simply because the declarants include an ineffective statement denying the Court's jurisdiction over their persons.

For all of the foregoing reasons, Wang's motion for summary judgment (Dkt. # 33) and Hull's motion to strike (Dkt. # 89) are DENIED.

Dated this 18th day of June, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 9