1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIZHENG WANG,

                Plaintiff,

      v.

BRUCE HULL,

                Defendant.

_____

DECATHLON ALPHA III, L.P.,

                Intervenor Plaintiff,

      v.

ZHIZHENG WANG.

                Intervenor Defendant.

NO. C18-1220RSL

ORDER GRANTING
DEFENDANT'S MOTION TO
COMPEL AND STAYING CASE

      This matter comes before the Court on "Defendant's Motion to Compel the Deposition of

Plaintiff Zhizheng Wang." Dkt. # 87. While attempting to schedule plaintiff's video deposition,

defense counsel learned that "China does not permit attorneys to take depositions in China for

use in foreign courts" and that "taking depositions, whether voluntary or compelled, and

obtaining other evidence in China for use in foreign courts may, as a general matter, only be

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL AND STAYING CASE - 1

accomplished through requests to its Central Authority under the Hague Evidence Convention." U.S. Dep't of State Bureau of Consular Affairs China Judicial Assistance Information (2019), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited June 19, 2020). The Chinese law on which the State Department advisory is based, Article 277 of the Chinese Civil Law, provides that, except when coordinated in conformity with international treaties to which China is a party, "no foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission" from the country's Central Authority.

Defendant, concerned that deposing plaintiff at his home in Beijing could expose defendant, his attorneys, and support staff to sanctions under Chinese law, notified plaintiff that the video deposition could not occur as previously contemplated and requested assistance in formulating another plan. Plaintiff refused, arguing that defendant was bound by his prior agreement to depose plaintiff at his home, that plaintiff's testimony has only limited relevance to this case, that defendant's interpretation of Chinese law is in error, that defendant's change of heart is harassment designed to inconvenience plaintiff, and that forcing plaintiff, a 69 year old man, to travel puts him at risk of COVID-19. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Defendant's interpretation of Chinese law is reasonable given the language of Article 277, the State Department's advisory, and U.S. case law regarding Article 277. While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL AND STAYING CASE - 2

Republic of China and who have the cooperation of the Chinese citizen being deposed (*see* Dkt. # 92 at 2), the Court will not require defendant to bet on that outcome. *See Ji v. Jling, Inc.*, 2019 WL 1441130, at *2, 4, and 6 (E.D.N.Y. Mar. 31, 2019) (having previously required plaintiff to appear for deposition outside of China, the court struck his video-link trial testimony when it was revealed on cross-examination that he was physically located in China because the proceeding exposed the defense to legal sanctions).

Most of plaintiff's other arguments are likewise rejected. Defendant will not be held to a prior agreement which unknowingly put him, his counsel, the court reporter, and other participating foreigners in legal jeopardy. Nor can refusing to participate in a proceeding which appears to violate Chinese law reasonably be considered harassment, especially where defendant could have insisted that plaintiff appear in person in the jurisdiction where he chose to file this lawsuit but is instead seeking only a location that is indisputably lawful. And, finally, plaintiff has relevant information regarding at least two issues, standing and communications with defendant, making his deposition appropriate.

With regards to the current health crisis caused by the novel coronavirus, defendant is not demanding, and the Court will not require, that plaintiff board a flight for Seattle, Hong Kong, Macau, Seoul, or Taipei immediately. But plaintiff will not be permitted to refuse to be deposed while offering his declarations as evidence when it suits him. The Court recently denied plaintiff's motion for summary judgment, leaving unresolved the standing issue and noting that "[t]his determination is without prejudice to a motion for summary judgment directed at the issue" of standing. Dkt. # 108 at 4. The dispositive motion deadline is July 7, 2020, and defendant will not be required to file his motion until he has a chance to depose plaintiff without

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL AND STAYING CASE - 3

fear of criminal entanglements in China.

        For all of the foregoing reasons, defendant's motion to compel plaintiff to appear for deposition at a place where the parties can take his testimony without fear of reprisal by the People's Republic of China - such as Seattle, Hong Kong, Macau, Seoul, or Taipei - and using video conferencing software used commercially by court reporters is GRANTED. This matter is hereby STAYED until the deposition can occur. If the parties are able to reach agreement and conduct the deposition by July 1, 2020, the current case management schedule will be reinstated. The parties shall submit a joint status report upon completion of the deposition.

        Dated this 22nd day of June, 2020.

                                    _Robert S. Lasnik_
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL AND STAYING CASE - 4